No. 13,602.

Gustafson *v.* Maxwell et al.
(42 P. [2d] 608)

Decided March 4, 1935.  Rehearing denied April 1, 1935.

Mr. B. F. Reed, Mr. R. H. Walker on petition for rehearing, for plaintiff in error.

Messrs. Regennitter & Aldrich, Mr. Oscar E. Willey, Mr. Teller Ammons, Mr. John F. Mueller, for defendants in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

SUIT in equity to set aside a claimed forfeiture of a lease of certain mining property, or, alternatively, to have a subsequent lessee decreed to be holding the property in trust for plaintiff; and for an accounting for ores extracted from the property.

Defendants Maxwell, Copeland and the Deweys are the owners of the property; defendant Leece held the original lease, but in which, prior to the claimed forfeiture, he had assigned three-fourths to one Fertig; defendant Summer is the new lessee; and defendant Buckley is said to have cooperated with the other defendants in the active disposition of ores from the property. Plaintiff, claiming to be assignee of the Fertig interest in the original lease, alleged generally, that defendants, purposing to dispoil him of his interest in the property and secure it for themselves, collusively and fraudulently worked a pretended forfeiture of that lease, and caused it to be leased to defendant Summer; also, to the same end and purpose, converted to their use and benefit certain ores mined from the property prior to the claimed forfeiture. Defendants, answering separately, denied collusion and fraud, and set forth their several connection with the matter, indicating, as alleged, only individual business activity, and good faith throughout. Many witnesses were examined. On consideration of the evidence the court absolved defendants from collusion, fraud and fraudulent conduct, and resolved all issues in their favor. Consistent judgment followed, to which plaintiff assigns error.

It appears that December 30, 1932, the owners of the property leased it to Leece; that January 6, 1933, he assigned an undivided three-fourths interest to Fertig; that April 15, 1933, Fertig departed this life; that October 19, 1933, those claiming to be his sole heirs assigned the Fertig interest to plaintiff; that November 3, 1933, the owners, claiming that the lessees had failed to keep the covenants of their lease, declared forfeiture, took possession of the property, and excluded the lessees,

therefrom; that November 15, 1933, the property was leased to defendant Summer.

■ That the lease contained covenants which, if not observed by the lessee, warranted forfeiture, is not open to question; that failure had obtained clearly appeared. Plaintiff maintains, however, that such failure was the result of purposeful neglect, finding predicate in the wicked designs of defendants to cheat and defraud plaintiff of his acquired interest in the property. The evidence did not reveal the remotest common design to that end, and the court so found and declared. The owners, proceeding on facts warranting their action, took usual steps to repossess their property and there was no evidence that defendant Summer, the subsequent lessee, connived with others in the premises, had knowledge of plan or scheme to that end, or did anything to further forfeiture of the original lease. We conclude, as did the trial court, that, the property proper considered, the owners and lessee Summer should be absolved from plaintiff's charges.

■ Concerning the ores from the property, plaintiff is without interest. The Fertig heirs assigned only the lease, no mention being made of ores previously mined, and only such ores are involved. If wrong obtained in relation thereto—determined otherwise by the trial court —about which we do not inquire, only the Fertigs could complain. We do not perceive error.

Let the judgment be affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.