## No. 13,757.

GUSTAFSON *v.* MAXWELL ET AL.
(63 P. [2d] 445)

Decided November 23, 1936.   Rehearing denied December 14, 1936.

Mr. B. F. REED, Mr. R. HICKMAN WALKER, for plaintiff in error.

Mr. TELLER AMMONS, Mr. JOHN F. MUELLER, Messrs. REGENNITTER & ALDRICH, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case has been here once before. *Gustafson v. Maxwell,* 96 Colo. 352, 42 P. (2d) 608.   In the opinion there the issues and evidence then involved are set forth and they need not be repeated.   The judgment there

affirmed adversely to Gustafson became final by the denial of a petition for rehearing on April 1, 1935.

Three days later Gustafson filed in the district court his petition asking that the judgment be set aside and a new trial granted. The defendants, defendants in error here, filed a motion to dismiss the petition for insufficiency. Had the trial court sustained the motion irrespective of the truth or falsity of the contents of the petition, a serious question would confront us. Here, however, we may disregard the motion altogether, since the ruling by the lower court was directly on the petition itself, no objection being made to the adoption of this course. The formal findings which were entered when Gustafson's petition was denied below stated among other things:

"We think that the case can be and should be decided upon the showing made by the petition itself. Briefly, the petition represents that one of the witnesses at the trial of the case upon its merits had testified falsely to certain facts. There is no other showing in the petition that would in any way add to this ground for setting aside the judgment. * * * It is impossible to determine from the statements in the petition and from the affidavit of the witness who wishes to change his testimony that he was telling the truth at the time the case was tried or that he is telling the truth in the affidavit, and if the case should be called for another trial no telling but what he would change his position again, according to his interest in the matter, and perhaps testify as he did in the former suit, and the matters and things set forth in the petition wherein it is claimed that certain statements are false are insufficient to justify the court in granting a new trial, even though the motion had been made in due course."

Obviously the court had analyzed with care both the petition and the supporting affidavits. Many of the allegations contained therein were clearly hearsay or legal

conclusions or mere statements of opinion. Those allegations which constituted proper allegations of fact were necessarily addressed to the sound judicial discretion of the trial judge. At the main trial he had seen and heard the witnesses, including the defendant Leece. The supporting affidavit of the latter comprised substantially the only relevant allegations of fact brought before the court. The judge had a right to apply the knowledge gained from observing Leece at the trial, and to determine with its aid the credence to be given Leece's affidavit. In addition, the court had before it in this affidavit Leece's voluntary admissions that his interest had recently become hostile to the interests of the other defendants and that he had perjured himself at the original trial.

After an examination of the petition, the affidavits, and the other parts of the record in this case, as well as the record in the case as heretofore presented, we cannot say that the district court abused its discretion when it refused to set aside the judgment on the strength of a petition depending for its weight upon the statements of a self-confessed perjurer.

Judgment affirmed.

MR. CHIEF JUSTICE CAMPBELL not participating.